**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| GARY THORPE | : | |
| Petitioner | : | |
| v | : | Civil Action No. PJM-05-2594 |
| JON P. GALLEY, Warden | : | |
| Respondent | : | |

o0o

## MEMORANDUM

On September 14, 2005, the above-captioned case was initiated upon receipt of correspondence from Petitioner indicating that he wished to challenge his criminal conviction. On October 3, 2005, this Court issued an Order requiring Petitioner to supplement the filing using pre-printed forms for filing a petition pursuant to 28 U.S.C. § 2254.  Paper No. 2.  On December 13, 2005, Petitioner filed an amended Petition for Writ of Habeas Corpus, challenging the validity of a recent prison disciplinary hearing.  Paper No. 5.

Petitioner provides information concerning his January 6, 2000 conviction for malicious destruction of property and second degree assault in the Caroline County Circuit Court.  Paper No. 5 at pp. 1– 3.  He also specifies the grounds alleged in his direct appeal as well as subsequent post-conviction petitions.  *Id*. at pp. 2– 7.  Petitioner does not, however, allege grounds for purposes of challenging his criminal conviction in this Court under 28 U.S.C. § 2254.  Instead, he attaches an amendment to the Petition regarding his August 30, 2004 prison disciplinary conviction for use of threatening language which resulted in the revocation of all earned diminution of confinement credits.  *Id*. at pp. 8 – 15.  The sole relief sought is expungement of the infraction and restoration of all revoked credits.  *Id*. at p. 8.  For the reasons that follow, the petition must be dismissed without prejudice.

Petitioner asserts that his due process rights were violated by the hearing officer when he was found guilty at the adjustment hearing based on his failure to adduce evidence, other than his own denial, to support his version of the facts. *Id*. at p. 8. The claims raised concern evidentiary matters ruled upon by the adjustment hearing officer. Petitioner seeks review of those decisions and reversal of his guilty finding. Although Petitioner appealed the guilty finding to the Warden pursuant to applicable Division of Correction Directives, he has not filed a further appeal to the Inmate Grievance Office (IGO). *See Id*. at Ex. 1.

It is not the province of this Court to rule upon state law issues before the appropriate state forum has had the opportunity to do so. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). Assuming without deciding that Petitioner's claims are meritorious,[1] the opportunity to have the alleged due process violation corrected through appeals to the IGO followed by any further appeals to the appropriate state courts remained available to him. "[T]here is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process." *Morisssette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995) (citing *Harper v. Lee*, 938 F.2d 104, 105 (8th Cir. 1991)); *Young v. Hoffman*, 970 F. 2d 1154, 1156 (2nd Cir. 1992) ("administrative reversal constituted part of the due process protection [inmate] received, and it cured any procedural defect that may have occurred"). In short, Petitioner's claim that his due process rights were violated has been filed prematurely.

To the extent that Petitioner is also attempting to file a Petition for Writ of Habeas

---

[1] Petitioner attaches a news article concerning the Maryland Court of Appeals decision in *Massey v. Secretary of the Department of Public Safety and Correctional Services*, 2005 WL 3092137 (November 21, 2005) holding that the entire regulatory scheme for prison disciplinary proceedings is a legal nullity because it was not passed pursuant to the Maryland Administrative Procedure Act. To the extent that Petitioner is asserting that the regulations under which he was convicted are of no force or effect, that assertion must be made in the appropriate state forum.

Corpus pursuant to 28 U.S.C. § 2254, attacking his conviction, the instant petition is successive[2] and this Court is without jurisdiction to consider it.[3]  *See* 28 U.S.C. § 2244(b)(3)(A) (requiring order from Fourth Circuit Court of Appeals authorizing a District Court to consider successive applications for habeas corpus relief).

Accordingly, by separate order which follows, this action shall be dismissed without prejudice.

   12/22/05                                                /s/
Date                                             PETER J. MESSITTE
                                                  UNITED STATES DISTRICT JUDGE

---

[2] *See Thorpe v. Kupec*, Civil Action No. S-01-2439 (D. Md. 2001).

[3] Notwithstanding the successive nature of the petition, it also appears to have been filed beyond the one year filing deadline.  *See* 28 U.S.C. §2244(d)(2).